UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WILLIAM CHARLES FISHER,

    Plaintiff,

v.

                                                                           Case No.: 2:25-cv-00005-JLB-NPM

FIRST COMMUNITY INSURANCE
COMPANY,

    Defendant.
_____/

## ORDER

This action comes before the Court upon the Motion to Dismiss filed by Defendant First Community Insurance Company ("First Community"). After careful review of the Complaint and the parties' briefing, the Court determines that First Community's Motion to Dismiss is due to be **GRANTED**.

## BACKGROUND[1]

This insurance dispute arises from flood damage that Plaintiff William Charles Fisher ("Mr. Fisher") sustained to his home (the "Property") during Hurricane Ian. First Community issued Mr. Fisher a Standard Flood Insurance Policy ("SFIP") for the Property (the "Policy") that was in full force and effect at all times material to this litigation. (Doc. 5 at ¶ 6).

---

[1] "At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1273 n.1 (11th Cir. 1999) (citation omitted). Accordingly, this background section relies on the facts recited in the Amended Complaint (Doc. 5).

On September 28, 2022, the Property sustained a covered loss as a result of flooding from Hurricane Ian. (*Id.* at ¶ 10; Doc. 13-1 at ¶ 9).[2] Mr. Fisher promptly filed a claim for flood damage with First Community (the "Claim"). (Doc. 5 at ¶ 11; Doc. 13-1 at ¶ 9). First Community processed Mr. Fisher's claim and mailed him a partial denial letter on February 7, 2023. (Doc. 13 at 14; Doc. 13-1 at ¶ 14; *see* Doc. 5 at ¶ 12).

The letterhead at the top of First Community's partial denial letter displayed the logo of Olympus Insurance Company rather than First Community. (Doc. 13-1 at ¶ 13; *see* Doc. 13-2 at 1). This is because First Community utilized software that populated agent logos into letterhead correspondence as an advertising benefit, even if a different company signed the correspondence. (Doc. 13-1 at ¶ 12). First Community's partial denial letter was nevertheless signed by First Community's Flood Claims Department. (Doc. 13-2 at 2).

Mr. Fisher disagreed with First Community's assessment of the loss and filed a breach of contract action in state court against Olympus Insurance Company on February 6, 2024. (Doc. 13-1 at ¶ 15). Upon realizing that he had sued the incorrect defendant, Mr. Fisher amended his state court complaint to name First Community on June 11, 2024. (*Id.* at ¶ 16). Defendant First Community then removed this action to federal court on January 2, 2025. (*See generally* Doc. 1).

---

[2] The Eleventh Circuit's Rule 12(b)(6) decisions "have adopted the 'incorporation by reference' doctrine, under which a document attached to a motion to dismiss may be considered by the court without converting the motion into one for summary judgment . . . if the attached document is: (1) central to the plaintiff's claim; and (2) undisputed." *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002) (citing *Harris v. Ivax Corp.*, 182 F.3d 799, 802 n.2 (11th Cir. 1999). In this context, the word "'[u]ndisputed' . . . means that the authenticity of the document is not challenged." *Id.*

Mr. Fisher filed an Amended Complaint (Doc. 5) in this Court on January 6, 2025. Three days later, First Community filed its Motion to Dismiss (Doc. 13), arguing that this case should be dismissed because Mr. Fisher's claim is time-barred.[3] Mr. Fisher filed a Response (Doc. 14), and this matter is now ripe for the Court's review.

## LEGAL STANDARD

To avoid dismissal under Federal Rule of Civil Procedure 12(b)(6), a plaintiff's complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action" are insufficient to survive a motion to dismiss. *Twombly*, 550 U.S. at 555.

When evaluating whether dismissal is proper, courts must accept all factual allegations in the complaint as true and draw all reasonable inferences in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). To warrant dismissal of a complaint under Federal Rule of Civil Procedure 12(b)(6), it must be "clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Blackston v. State of Alabama*, 30 F.3d 117, 120 (11th Cir. 1994) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).

---

[3] First Community argues in the alternative that, in any event, Mr. Fisher is not entitled to interest payments or a jury trial. (*See generally* Doc. 13). Because the Court agrees that Mr. Fisher's claim is time-barred, it does not reach First Community's alternative arguments.

## DISCUSSION

In flood insurance disputes, a plaintiff must bring his action "within one year after the date of mailing of notice of disallowance or partial disallowance" of the claim. 42 U.S.C. § 4072. Specifically, section 4072 provides:

> In the event the program is carried out as provided in section 4071 of this title, the Administrator shall be authorized to adjust and make payment of any claims for proved and approved losses covered by flood insurance, and upon the disallowance by the Administrator of any such claim, or upon the refusal of the claimant to accept the amount allowed upon any such claim, ***the claimant, within one year after the date of mailing of notice of disallowance or partial disallowance by the Administrator, may institute an action against the Administrator on such claim in the United States district court*** for the district in which the insured property or the major part thereof shall have been situated, and original exclusive jurisdiction is hereby conferred upon such court to hear and determine such action without regard to the amount in the controversy.

42 U.S.C. § 4072 (emphasis added). The SFIP has a parallel "Suit Against Us" provision requiring that a plaintiff must "start the suit within one year after the date of the written denial of all or part of the claim, and . . . must file the suit in the United States District Court of the district in which the insured property was located at the time of loss." (44 C.F.R. pt. 61, app. A(1), art. VII(O) (2022).

Mr. Fisher argues that his claim is timely because it was initially filed in state court on February 6, 2024, one day before the statute of limitations expired. (*See generally* Doc. 14). According to Mr. Fisher, it does not matter that he initially sued the incorrect defendant because his amended complaint "relates back" to his initial complaint. Even if Mr. Fisher's amended complaint related back to his initial

4

state court complaint, it would not matter because filing in state court does not toll the one-year statute of limitations. *Hairston v. Travelers Cas. & Sur. Co.*, 232 F.3d 1348, 1352–53 (11th Cir. 2000); *Mazzula v. Am. Strategic Ins. Corp.*, No. 219CV215FTMSPCNPM, 2021 WL 252295, at *3 (M.D. Fla. Jan. 26, 2021) (finding that "[t]he state court lawsuit did not toll the one-year statute of limitations" for an action brought pursuant to 42 U.S.C. § 4072); *Smith-Pierre v. Fid. Nat. Indem. Ins. Co.*, No. 11-60298-CIV, 2011 WL 3924178, at *4 (S.D. Fla. Sept. 7, 2011) (same).

In *Hairston*, the Eleventh Circuit considered this precise issue, namely whether filing a National Flood Insurance Program (NFIP) action in state court tolls section 4072's statute of limitations provision. *See* 42 U.S.C. § 4072; *Hairston*, 232 F.3d at 1352–53. The *Hairston* Court reasoned that, because federal courts have exclusive jurisdiction over NFIP claims, filing in state court does not toll the limitations period. *Id.* In doing so, it distinguished claims brought under section 4072 from similar claims. *Id.* For instance, in *Burnett v. New York Cent. R. Co.*, 380 U.S. 424, 432 (1965), the United States Supreme Court found that the state court filing did toll the statute of limitations period under 45 U.S.C. § 56. In that case, however, the state court had jurisdiction to hear the claim because 45 U.S.C. § 56 specifically reserved concurrent jurisdiction. *Id.* Unlike the concurrent jurisdiction afforded by 45 U.S.C. § 56, section 4072 does not allow concurrent jurisdiction. Instead, it gives exclusive jurisdiction to the federal courts.

Here, First Community partially denied Plaintiff's claim on February 7, 2023.

5

(Doc. 13 at 14; Doc. 13-1 at ¶ 14; *see* Doc. 5 at ¶ 12). Mr. Fisher filed his action in state court on November 3, 2023. (*See* Doc. 1-1). This action was not removed to federal court until January 2, 2025, approximately one year after the one-year statute of limitations ran. (*See generally* Doc. 1). Thus, Mr. Fisher is time-barred from bringing this action. As such, First Community's Motion to Dismiss (Doc. 13) is due to be **GRANTED**.

## CONCLUSION

For the reasons set forth above, it is **ORDERED:**

1. First Community's Motion to Dismiss (Doc. 13) is **GRANTED**.

2. This action is **DISMISSED with prejudice**. The Clerk of Court is **DIRECTED** to terminate all deadlines, deny any pending motions as moot, and close the case.

**ORDERED** at Fort Myers, Florida on September 12, 2025.

_____
JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE